FILED

JUN 23 2017

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LESLEY M. FIX,<br><br>Plaintiff,<br><br>vs.<br><br>THE HARTFORD LIFE AND<br>ACCIDENT INSURANCE COMPANY,<br><br>Defendant. | CV 16–41–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on March 6, 2017, recommending denial of Plaintiff Lesley Fix's ("Fix") motion for summary judgment. Fix timely filed objections and is therefore entitled to de novo review of those findings and recommendations to which she specifically objected. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Because the parties are familiar with the factual background of this case, it will not be

-1-

repeated here.

As a threshold matter, Defendant The Hartford Life and Accident Insurance Company ("Hartford") contends that Fix's objections fail to satisfy the requirements set by the Federal Rules of Civil Procedure and this District's Local Rules for lodging objections to proposed findings and recommendations by a United States magistrate judge. Indeed, under the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b) (emphasis added). The amount of specificity is further clarified by this Court's Local Rules, which hold that an objection to a magistrate judge's findings and recommendations must itemize:

> (1) each factual finding of the magistrate judge to which objection is made, identifying the evidence in the record the party relies on to contradict that finding; and
> (2) each recommendation of the magistrate judge to which objection is made, setting forth the authority the party relies on to contradict that recommendation.

L.R. 72.3(a); *see also* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of

the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

Upon close review of Fix's objections, it appears that she slightly modified her briefs in support of the motion for summary judgment to serve as her Rule 72 objections. (*Compare* Docs. 26 and 30, *with* Doc. 34.) Further, though these objections discuss Judge Lynch's conclusions generally, Fix essentially recycles her previous arguments in an attempt to relitgate her case. This is not the purpose of 28 U.S.C. § 636. *See Kenneally v. Clark*, CV-10-67-BU-RFC-JCL, 2011 WL 4959672, at *1 (D. Mont. Oct. 18, 2011) ("Objections to a magistrate's Findings and Recommendations are not a vehicle for the losing party to relitigate its case.") (*citing Camardo v. General Motors Hourly–Rate Employees Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y.1992) ("There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.")). Thus, as a result of Fix's failure to specify her objections in accordance with Rule 72, the Court is permitted to overrule the objections without analysis. *Kenneally*, 2011 WL 4959672, at *1 (*citing Sullivan v. Schriro*, CV-04-1517-PHX-DGC, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006)).

Nevertheless, despite Fix's lack of specified objections to Judge Lynch's legal conclusions, the Court is not relieved of its duty to review the Findings and

Recommendation.¹ *Id.* Upon review of the Findings or Recommendations, the Court agrees with Judge Lynch that Fix's motion should be denied. Hartford's decision to terminate Fix's disability insurance benefits was not an abuse of discretion, or arbitrary or capricious. *See Tapley v. Locals 302 and 612 of the International Union of Operating Engineers–Employers Construction Industry Retirement Plan*, 728 F.3d 1134, 1139–1140 (9th Cir. 2013) (equating the abuse of discretion standard with the arbitrary and capricious standard of review when reviewing a denial of ERISA benefits).

As discussed by Judge Lynch, three physicians, Dr. Origitano, Dr. Trontel, and Dr. Lavin, found that no restrictions should be imposed on Fix. These findings were confirmed on independent review by Dr. Levy and on appeal by Dr. Defilippis and Dr. Shah. Based upon these opinions and reports, the Court cannot say that Hartford's decision to terminate Fix's benefits was arbitrary and capricious. Further, though Dr. Lindsay's opinion that Fix is not restricted appears to cite inconsistent findings, the Court cannot say that Hartford's conclusion that Fix was not disabled was arbitrary and capricious.

---

¹ The Court notes that various decisions in this district have applied differing standards of review to a magistrate judge's findings and recommendations when a party fails to specify its objections in accordance with Rule 72. *See Kenneally*, 2011 WL 4959672, at * 1 (applying de novo review); *see also Johnson v. Mahoney*, CV 08-43-H-DWM-RKS, 2008 WL 4425367, at *1 (D. Mont. Sept. 30, 2008) (applying clear error review). Nevertheless, as discussed *infra*, the Court finds no error in Judge Lynch's Findings and Recommendations under either clear error or de novo review.

Lastly, the Court is not persuaded by the remainder of Fix's arguments which contend that Hartford's decision to terminate benefits was arbitrary and capricious, specifically the arguments that: (1) Hartford could not terminate benefits without determining if Fix's condition had improved; (2) Fix was disabled as a result of her migraine headaches; (3) Hartford did not give adequate weight to her subjective complaints of migraines and diminished cognitive abilities; (4) Hartford improperly relied on non-examining medical care consultants; and (5) Hartford failed to give adequate consideration to Fix's March 2013 neuropsychological exam. The Court agrees with Judge Lynch that these arguments fail to show that Hartford's decision terminate benefits was not reasonable based upon the administrative record, an abuse of discretion, or arbitrary and capricious.

Accordingly, IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 33) are ADOPTED IN FULL;

(2) Plaintiff Lesley Fix's Motion for Summary Judgment (Doc. 25) is DENIED;

(3) Defendant The Hartford Life and Accident Insurance Company's Cross Motion for Summary Judgment (Doc. 27) is GRANTED.

Dated this 23rd day of June, 2017.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court